```
          IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                                CENTRAL DIVISION
```
___

| | | |
|---|---|---|
| KEVIN HILL, | ) | MEMORANDUM DECISION AND **ORDER DENYING MOTION** |
| | ) | |
| Plaintiff, | ) | Case No. 2:09-CV-218 TS |
| | ) | |
| v. | ) | District Judge Ted Stewart |
| | ) | |
| CAPTAIN WALK et al., | ) | |
| | ) | |
| Defendants. | ) | |

___

Plaintiff, Kevin Hill, filed a *pro se* prisoner civil rights complaint.[1] Plaintiff now moves for appointed counsel.

Plaintiff has no constitutional right to counsel.[2] However, the Court may in its discretion appoint counsel for indigent inmates.[3] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[4]

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the

___

[1] *See* 42 U.S.C.S. § 1983 (2010).

[2] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[3] *See* 28 U.S.C.S. § 1915(e)(1) (2010); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[4] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

complexity of the legal issues raised by the claims.'"[5]
Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

IT IS HEREBY ORDERED that Plaintiff's motion for appointed counsel is DENIED, (*see* Docket Entry # 6); however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

DATED this 16th day of February, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.